IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SHAWN N. BISBY,

        Plaintiff,           2:12-cv-1040-AA

        v.                    ORDER

S. SHELTON, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff's Motion for leave to file a supplemental complaint (#27) is allowed. Plaintiff is allowed 30 days from the date of this order to file a supplemental complaint.

    Plaintiff also moves for motion for preliminary injunction (#28).

    The general rules for granting preliminary relief are familiar and need not be discussed in detail. "The purpose of a preliminary injunction is merely to preserve the relative

1 - ORDER

positions of the parties until a trial on the merits can be held," and it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. <u>University of Texas v. Camenisch</u>, 451 U.S. 391, 395 (1981); <u>Tanner Motor Livery, Ltd. V. Avis, Inc</u>, 316 F.2d 804, 808 (9th Cir. 1983). <u>See also</u>, <u>Regents of University of California v. ABC, Inc.</u>, 747 F.2d 511, 514 (9th Cir. 1984) ("* * * the function of a preliminary injunction is to preserve the *status quo ad litem*.") Wright and Miller, <u>Federal Practice and Procedure</u> § 2947 (1973) ("* * * the most compelling reason in favor of entering a Rule 65(a) order is the need to prevent the judicial process from being rendered futile by defendant's actions or refusal to act").

In this case, the preliminary equitable relief that plaintiff seeks would in essence constitute a judgment on the merits of plaintiff's underlying claims and is therefor inappropriate.

IT IS SO ORDERED

DATED this 2 day of November, 2012.

                                         Ann Aiken
                                         United States District Judge