UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SHAWN N. BISBY, SID 6704368,

        Plaintiff,           2:12-cv-01040-AA

        v.                      ORDER

S. SHELTON, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging three claims for relief for violations of his Eighth and Fourteenth Amendment rights. Plaintiff also generally alleges the "pendent / supplemental jurisdiction state tort claim" of intentional infliction of emotional distress. Complaint (#2) p. 13.

    Plaintiff's alleges as Claim 1 that defendants violated his Eighth and Fourteenth Amendment rights. Plaintiff alleges as that upon his arrival at Coffee Creek Correctional Facility he was "denied the use of the Magnetic Wave Bone Growth

1 - ORDER

Stimulator and his antispasmodic and pain medications." Complaint (#2) p. 7. Plaintiff further alleges that after being transferred to Two Rivers Correctional Institution defendants "have continued to deny Plaintiff the same or equal antispasmodic or pain medication or the use of his Magnetic Wave Bone Growth Stimulator, and have effectively denied him the same level of care he would have had received had he been in the community." Id. p 7-8.

Plaintiff alleges as Claim 2 that "defendants were, and are still being deliberately indifferent to Plaintiff's constant pain" in violation of his Eighth and Fourteenth Amendment rights. Complaint (#2) p. 9. Plaintiff alleges that his prescribed pain medications are "inadequate" and that he has repeatedly requested medications "comparable to those previously prescribed by his outside physician. Id. p. 10.

Plaintiff's third claim alleges that all defendants violated his Eighth and Fourteenth Amendment rights by refusing to let him use his Magnetic Wave Bone Growth Stimulator after he arrived in ODOC custody. Id.[1]

Defendants now move to dismiss plaintiff's Claim 2 on the ground that plaintiff did not exhaust administrative remedies

---

[1]Plaintiff also filed a "Verified Supplemental Complaint (#46) which alleges additional facts in support of his claims and modifies the requested relief.

2 - ORDER

as to that claim before filing this action. Motion to Dismiss (#66).

Defendants motion is somewhat confusing because after careful review of plaintiff's complaint, the court finds very little to distinguish between the allegations of plaintiff's Claim 1 and the allegations of Claim 2. However, defendants concede that "[a] search of OCOC grievance records revealed that Plaintiff exhausted his administrative remedies as to his first and third claims in his complaint," but argue that plaintiff failed to exhaust his remedies as to his second claim - which is similar and duplicative of Claim 1.

Perhaps the seeming contradiction will be explained in due course. For now, the issue before the court is whether plaintiff exhausted administrative remedies as to the allegations in Claim 2?

Both Claim 1 and Claim 2 allege that defendants' alleged action of denying plaintiff medication comparable to that prescribed by his "outside" physician (Dr. Adler) violated his rights.

The crux of Grievance 2012-01-024 is that defendants interfered with "treatment already prescribed." *See*, Declaration of Vickie Reynolds (#68) Attachment 3, p. 1-2. Defendants reasonably construe this grievance as including a request for previously prescribed medication.

3 - ORDER

Plaintiff did not exhaust administrative remedies as to Grievance 2012-01-024 because he filed a tort claim notice prior to receiving a response to his second level grievance appeal.

Plaintiff's Grievance 2012-04-134 specifically concerns "several medications" prescribed by Dr. Adler. Defendants *apparently* concede that plaintiff exhausted remedies at to that grievance in that they concede exhaustion as to Plaintiff's Claim 1 - concerning the denial of "same or equal antispasmodic or pain medication." Complaint 2 p. 7.

Adding further confusing to the record is plaintiff's allegation that in Claim 1 that he filed a "Notice of Tort" in an attempt to resolve the issues alleged in Claim 1.

In a nutshell: Plaintiff's Claim 1 and Claim 2 both allege the denial of treatment and / or medication comparable to that previously prescribed by his outside physician. Yet defendants concede exhaustion as to Claim 1 and move to dismiss Claim 2 on grounds that plaintiff failed to exhaust administrative remedies.

Given the ambiguity of the record in this regard, I find it is appropriate for defendants to respond to Claim 2 on the merits.

////

////

4 - ORDER

Defendants' Motion to Dismiss Claim 2 is denied without prejudice.

DATED this 3rd day of Sept, 2013.

_____
Ann Aiken
United State District Judge

5 - ORDER